# JANUARY, 1925.

## CAP GREEN V. THE STATE.

### No. 8668.  Delivered January 14, 1925.

**Robbery—Argument of Counsel—Not Reversible Error.**

Where on a trial for robbery, the district attorney in his argument called on the jury to aid him in the enforcement of the law, it is not thought that such argument was so objectionable as to call for a reversal.  The proof sustaining the conviction, the cause is affirmed.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction of robbery; penalty, five years in the penitentiary.

The opinion states the case.

*Henderson & Lawson,* of Houston, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Harris County of robbery, and his punishment fixed at five years in the penitentiary.

On the night in question a negro man and woman were walking along a street in Houston, when they were held up by a man with a handkerchief over his face, who at the point of a pistol relieved the woman of nine dollars and some cents, and the man of two one-dollar bills.  The robber then ran away.  The man assaulted at once telephoned for officers, who came in a few minutes, and got a description of the robber and the direction he went.  Some twelve or fifteen blocks from the scene of the robbery, the officers found appellant, and thinking him to answer the description, took him in custody.  One of the officers testified that he asked appellant if he had recently been at the corner of certain streets, naming the place where the alleged robbery occurred, and that appellant made no reply, but seemed in great confusion.  He then asked him how he came to rob those people and that appellant said it was the first time he ever did anything of that sort.  He was positively identified by the man and the woman as their assailant.  He presented as his defense a strong alibi in support of which he produced the testimony of four or five people, who said they were with him at the hour of the robbery, and that he was at a different place.  He also testified to the same fact.  He introduced some reputable witnesses who testified that he had employment with an ice company in Hous-

ton and bore a good reputation. It is the province of a jury to reconcile conflicts in evidence and pass on the credibility of the witnesses and this court rarely disturbs a verdict which is supported by any credible testimony.

There is but one bill of exceptions in the record, which presents appellant's complaint of the fact that the district attorney called on the jury to aid him in the enforcement of the law. We are not of opinion that the argument was so objectionable as to call for reversal. ·

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*